## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

**LEONARD BEASLEY,**                          **CASE NO. 09-10578-NPO**

**DEBTOR.**                                    **CHAPTER 13**

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This matter came on for hearing (the "Hearing"), on July 27, 2009, on the Motion for Relief

from the Automatic Stay and Abandonment (the "Motion") (Dkt. No. 6) filed by Indymac Federal

Bank FSB (the "Creditor") and the Response to Motion to Lift Stay (the "Response") (Dkt. No. 18)

filed by Leonard Beasley (the "Debtor") in the above-styled chapter 13 case. At the Hearing, Karen

A. Maxcy represented the Creditor, and John H. Anderson represented the Debtor. The Court,

having considered the relevant legal authorities and the testimony and evidence presented at the

Hearing, concludes for the following reasons that the Motion is well-taken and should be granted

as discussed herein.[1]

### Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant

to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Notice of the

Hearing was proper under the circumstances.

---

[1] The following constitutes the findings of fact and conclusions of law of the Court
pursuant to Federal Rule of Bankruptcy Procedure 7052.

## Facts

The testimony and documentary evidence presented at the Hearing showed the following:

The Creditor was a lien holder of 915 Linden Avenue, Greenwood, Mississippi, 38930 (the "Property") by virtue of a Deed of Trust (the "Deed of Trust") (Ex. P-1), dated January 9, 2007, and recorded in the land records at Book 661, Page 235, in Leflore County, Mississippi. This Deed of Trust had been given to secure a note (the "Note") in the original principal amount of $80,700.00. The Debtor defaulted on the payments on the Note.

The Creditor hired J. Gary "Pete" Massey ("Mr. Massey"), a Mississippi attorney, to handle the foreclosure of the Property. Mr. Massey testified that pursuant to Miss. Code Ann. §89-1-55, he published notice of the foreclosure sale in The Greenwood Commonwealth newspaper on October 23, October 30, and November 6, 2008, and posted notice on the bulletin board at the south door of the Leflore County Courthouse in Greenwood, Mississippi, for the prescribed three-week period. Mr. Massey also testified that pursuant to the notice requirement contained in the Deed of Trust, he sent notice of the foreclosure sale to the "property address." (Ex. P-1). The foreclosure sale occurred on November 13, 2008. The Debtor filed a voluntary chapter 13 petition (Dkt. No. 1) on February 9, 2009. The Creditor filed the Motion for the purpose of proceeding with a dispossessory action in the Chancery Court of Leflore County against the Debtor, who continues to live at the Property.

In the Response, the Debtor asserted that "the foreclosure sale was improper in as much as [the Debtor] was non-compis mentis (sic) at the time subject to a conservatorship. That no effort was made to notify the conservator of the pending foreclosure." (Dkt. No. 18, ¶ 1). Mr. Robert Beasley ("Robert Beasley"), the conservator for the Debtor, testified that the Debtor suffers from

mental illness, has been treated at the State Hospital at Whitfield multiple times, and receives VA

disability benefits and social security benefits. The Chancery Court of Leflore County, Mississippi

entered the Order Appointing Robert Beasley as Conservator of Leonard Beasley (Ex. D-1) on May

15, 2008.   Letters of Conservatorship (Ex. D-2) were issued to Robert Beasley the same day.

Robert Beasley also testified that he has been living at the Property since June of 2008.

### Issue

The issue before the Court is whether notice of the foreclosure sale was proper under the

circumstances since the Debtor was under a conservatorship.

### Discussion

Notice of the foreclosure sale was proper under the circumstances, and the foreclosure sale

was valid. The Creditor proved that it gave notice of the foreclosure sale which complied with both

the statutory requirements of Miss. Code Ann § 89-1-55, and the requirements set forth in the Deed

of Trust. The Debtor's argument that Robert Beasley should have received "individual personal

notice" is without merit.

### A.    Notice of the Foreclosure Sale Complied with Statutory Requirements.

Miss Code Ann. § 89-1-55 states in pertinent part:

Land sold under mortgage.
. . . All lands sold at public outcry under deeds or trust or other contracts shall be
sold in the county in which the land is located, or in the county of the residence of
the grantor, or one of the grantors in the trust deed . . . Sale of said lands shall be
advertised for three consecutive weeks preceding such sale, in a newspaper published
in the county, or if none is so published, in some paper having a general circulation
therein, and by posting one notice at the courthouse of the county where the land is
situated, for said time, and such notice and advertisement shall disclose the name of
the original mortgagor or mortgagors in said deed of trust or other contract.

As stated above, Mr. Massey testified that he published notice of the foreclosure sale and posted

notice at the Leflore County Courthouse in Greenwood, Mississippi, for the prescribed three week period. Through the testimony of its attorney, the Creditor demonstrated that it complied with the notice requirements of Miss. Code Ann. § 89-1-55.

**B.     Notice of Foreclosure Sale Complied with Requirements Set Forth in the Deed of Trust.**

The Creditor gave proper notice of the foreclosure sale pursuant to the Deed of Trust. The Deed of Trust states at ¶ 15:

> 15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. . . . The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender.

(Ex. P-1). No testimony or other evidence was introduced to show that either the Debtor or Robert Beasley designated a substitute notice address. Therefore, pursuant to ¶ 15 of the Deed of Trust, the Creditor gave proper notice to the Debtor when it mailed notices by first class mail to the Property.

According to Robert Beasley's testimony at the Hearing, he was the Debtor's conservator and was living at the Property when Mr. Massey sent the Debtor a letter to the Property, dated October 10, 2008, informing the Debtor of possible "loss mitigation options" offered by the Creditor. (Ex. D-5). Robert Beasley also was living at the Property when Mr. Massey sent the Debtor a letter to the Property, dated October 10, 2008, informing the Debtor that his law firm had been retained by the Creditor to initiate foreclosure proceedings on the Property. (Ex. D-6). Robert Beasley, furthermore, was living at the Property when Mr. Massey sent a letter to the Debtor at the Property, dated October 17, 2008, providing the Debtor with notice of the impending foreclosure sale. (Ex. D-4). Pursuant to ¶ 15 of the Deed of Trust, therefore, the Creditor properly gave the

Page 4 of 7

Debtor notice of the foreclosure sale through its attorney.

Robert Beasley's correspondence with Mr. Massey's law firm demonstrated that he was, in fact, receiving Mr. Massey's correspondence. (Ex. D-5). In a letter dated October 17, 2008, Robert Beasley admitted (1) that he knew that the Property was in danger of foreclosure; (2) that he was "responsible for all [the Debtor's] financial transactions;" but, (3) that he had "been busy catching up on [the Debtor's] other debts." Id. In this same letter, Robert Beasley even confirmed that he could be contacted at the address of the Property. Id.

The testimony and the documentary evidence presented at the Hearing was credible and clear. The Creditor gave proper notice of the foreclosure sale pursuant to the provisions of the Deed of Trust.

### C.    Debtor's Argument that Conservator Should Have Received "Individual Personal Notice" is Without Merit.

In the Response, the Debtor argued "[t]hat no effort was made to notify the conservator of the pending foreclosure." (Dkt. No. 18, ¶ 1). At the Hearing, Debtor's counsel argued that the Creditor and Mr. Massey should have addressed correspondence and notices specifically to Robert Beasley for them to effectuate notice to the conservator. In the supplemental letter brief filed by the Debtor (Dkt. No. 49), the Debtor asserts that "it appears reasonable that a conservator, should have individual personal notice of a foreclosure pending against his ward." The Debtor's counsel, however, admitted that he has no legal support for his proposition. Id. Likewise, the Court can find no support for this position.

Mississippi law is clear that a conservator owes his ward fiduciary duties[2]. *See* In re

---

[2]The duties, responsibilities and powers of a conservator are the same as those of a guardian of a minor. *See* Miss. Code Ann. §93-13-259 (Rev. 2004).

Conservatorship of Bardwell, 849 So. 2d 1240, 1251 (Miss. 2003) (relied on in In re Estate of Carter, 912 So. 2d 138, 150 (Miss. 2005).   Under Will of Mingo v. Mingo, 743 So. 2d 433, 434 (Miss. App. 1999), a conservator has the power to act for his ward.  Additionally, he also has the duty to act for his ward.  Pursuant to Miss. Code Ann. § 93-13-38(2): "It shall be the duty of the [conservator] to improve the estate committed to his charge. . . ."  Furthermore, the [conservator] shall make payments of [the ward's] debts out of [the ward's] personal estate. . . ."  Id.  The Mississippi Supreme Court held that "[p]rincipal among a fiduciary's duties is that of marshalling the assets of the ward to protect them against waste. . . ." Jackson v. Jackson, 732 So. 2d 916, 921 (Miss. 1999).

To suggest that the Debtor can avoid a foreclosure sale because notice was addressed to the Debtor rather than the conservator is illogical.  Robert Beasley had the duty and responsibility to marshall the assets of the Debtor and pay the Debtor's debts.  *See* Jackson, 732 So. 2d at 921; *see also* Miss. Code Ann. § 93-13-98(2).  These duties required Robert Beasley to open the Debtor's mail and deal with the contents in an appropriate manner.  Therefore, in this situation, notice to the Debtor was notice to the conservator.  Furthermore, the evidence showed that Robert Beasley was living at the Property and received correspondence and notices from the Creditor and Mr. Massey.  The Debtor's argument with respect to "individual personal notice" is without merit.

## Conclusion

The Creditor demonstrated that it properly gave notice of the foreclosure sale pursuant to statutory requirements and the terms of the Deed of Trust.  The foreclosure sale, therefore, is valid.  Accordingly, the Court finds that the Motion should be granted and that the Creditor can proceed with its dispossessory action in the appropriate Mississippi state court.

A separate final judgment consistent with this Memorandum Opinion and Order will be entered by this Court in accordance with Federal Rule of Bankruptcy Procedure 9021.

IT IS, THEREFORE, ORDERED that the Motion hereby is granted as set forth herein.

SO ORDERED.

Neil P. Olack
United States Bankruptcy Judge
Dated: August 20, 2009